IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **NECHELLE LEMAGNE, Administrator** : <br> of the Estate of the late Brandon Lemagne, : <br> Plaintiff, : <br> : <br> v. : <br> : <br> : <br> **KENYATTA MOMON, et al.,** : <br> Defendants. : | Civil Action No. 1:25cv783 |

### MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37(d)

Defendant Kenyatta Momon (Momon), by counsel, has moved this Court for sanctions pursuant to Fed. R. Civ. P. 37(d) and 41(b), and in support thereof states the following:

### BACKGROUND

On August 6, 2025, this Court entered an order permitting the parties to begin discovery and ordering that all discovery be completed by December 12, 2025. (ECF Doc. 14.) On August 25, 2025, the Court entered its Rule 16(b) Scheduling Order (ECF Doc. 19) adopting the parties' Joint Discovery Plan (ECF Doc. 18). As relevant herein, the Joint Discovery Plan provides for service of notices of deposition and discovery requests to be made by electronic means, and service is complete upon and on the day of the electronic transmission. (ECF Doc. 18.) The Plaintiff is proceeding in this case *pro se* after her previous counsel withdrew on October 24, 2025.

On September 24, 2025, Momon propounded interrogatories and requests for production upon the Plaintiff pursuant to Rules 33 and 34, with responses to those discovery requests due on or before October 24, 2025. The Plaintiff objected to three of Momon's 18 interrogatories and

did not object to Momon's requests for production.  The Plaintiff has otherwise to date not responded to Momon's interrogatories or requests for production.  This is despite multiple communications from undersigned counsel inquiring as to the status of the discovery production and offering to set later deadlines for the production of the discovery.

On October 28, 2025, Momon sent the Plaintiff a deposition subpoena, document request, and deposition notice scheduling the Plaintiff's deposition for November 12, 2025, and requesting that she produce documents at her deposition.  The Plaintiff acknowledged receipt of the deposition-related documents.  The Plaintiff did not appear for her deposition on November 12, 2025.  Momon arranged for a court reporter for the Plaintiff's November 12, 2025, deposition, and has received an invoice for $365 from the court reporting service scheduled for the deposition, attached hereto as Exhibit 1.

Momon filed a Motion for Sanctions on November 12, 2025, associated with the Plaintiff's failure to attend her November 12, 2025, deposition or respond to discovery.  (ECF Docs. 29-31.)  Momon scheduled a hearing on the motion for November 21, 2025.  The Plaintiff did not file an opposition to the Motion for Sanctions, nor did she appear for the November 21, 2025, hearing.  This Court entered an order on November 24, 2025, granting Momon's Motion for Sanctions.  (ECF Doc. 33.)  Therein, the Court ordered the Plaintiff to show cause by December 1, 2025, why she failed to appear for the November 21, 2025, hearing, failed to participate in discovery, and failed to follow an order dated October 24, 2025, requiring the Plaintiff to notify the Court by November 3, 2025, of her intent to proceed with the case regarding counsel.  *Id*.  The Court ordered that the Plaintiff's further failure to complete discovery or follow court orders could result in dismissal of the case pursuant to Fed. R. Civ. P. 41(b).  *Id*.

On November 21, 2025, undersigned counsel emailed Plaintiff to determine her availability for a rescheduled deposition. The parties agreed on December 2, 2025, for the new deposition. On November 24, 2025, counsel sent the Plaintiff a new deposition subpoena, document request, and deposition notice scheduling the Plaintiff's deposition for December 2, 2025, and requesting that she produce documents at her deposition. Counsel also requested that the Plaintiff respond to Momon's October 24, 2025, discovery requests by November 28, 2025, and resent copies of Momon's interrogatories and requests for production.

On December 2, 2025, the Plaintiff appeared for her deposition, however minutes into the deposition, she refused to answer any questions. The Plaintiff left the deposition within 20 minutes, stating that she would not answer questions. The Plaintiff did not bring any documents with her to the deposition, thus not responding to the document request that accompanied her deposition subpoena. Momon arranged for a court reporter for the Plaintiff's December 2, 2025, deposition, and has received an invoice for $630 from the court reporting service, attached hereto as Exhibit 2.

As of the date of the filing of this motion, Momon has received no discovery responses from the Plaintiff and has not been able to secure the Plaintiff's deposition.

The parties conferred in person on December 2, 2025, regarding the need for Momon to file a new Motion for Sanctions to be heard on December 12, 2025.

## **ARGUMENT**

Rule 37(d) provides that a party may move for sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition," Rule 37(d)(A)(i), or if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers . . . ." Rule 37(d)(A)(ii). The sanctions available for a

party's failure to attend their deposition or to respond to interrogatories or requests for inspection include dismissal of the action. Rule 37(b)(2)(A)(v). In addition, the court may order the party failing to act to pay the reasonable expenses associated with such failure. Rule 37(d)(3). Rule 41(b) further provides that "[i]f the plaintiff fails to prosecute or to comply with [the federal] rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

Here, the Plaintiff has completely failed to comply with any of her discovery obligations. The Plaintiff has not provided responses to Momon's properly issued interrogatories or requests for production, and she failed to appear for her first deposition, which was properly scheduled and for which she was properly noticed. The Plaintiff has also not responded to this Court's order, dated October 24, 2025, to notify the Court of her intent to prosecute this case no later than November 3, 2025. Furthermore, the Plaintiff has not complied with the Court's order, dated November 24, 2025, to abide by her discovery obligations and, while she appeared for the rescheduled deposition on December 2, 2025, she refused to answer any questions and terminated the deposition. The hearing date scheduled for this motion, December 12, 2025, is the date by which the Court has ordered discovery be completed. As such, Momon has no future ability to discover any of the Plaintiff's evidence in the case, and as a result will be prejudiced in his ability to defend this litigation.

## CONCLUSION

In consideration of the foregoing, Momon requests that the Plaintiff's Complaint be dismissed. In addition, Momon requests that the Court order Plaintiff to pay $995 to County of Fairfax no later than December 19, 2025, for the cost of the court reporters for the Plaintiff's depositions.

          Respectfully submitted,
          **KENYATTA MOMON**

**ELIZABETH D. TEARE**
**COUNTY ATTORNEY**

**By:** _____/s/_____
**Kimberly P. Baucom, Esquire**
**Deputy County Attorney**
Virginia State Bar No. 44419
12000 Government Center Parkway
Suite 549
Fairfax, VA   22035-0064
(703) 324-2421
(703) 324-2665 fax
kimberly.baucom@fairfaxcounty.gov
*Counsel for Kenyatta Momon*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of December, 2025, I provided the foregoing electronically by agreement to the following:

Nechelle Lemagne
1124 27th Street
Newport News, VA 23607
Abnl2024@yahoo.com

          _____/s/_____
          Kimberly P. Baucom