IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

NECHELLE LEMAGNE,
ADMINISTRATOR OF THE ESTATE
OF THE LATE BRANDON LEMAGNE

    Plaintiff,

v.       Civil Action No.: 1:25-cv-00783-MSN-IDD

KENYATTA MOMON, ET AL.

    Defendants.

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS AND RESPONSE TO SHOW CAUSE ORDER

COMES NOW Plaintiff, by undersigned counsel, and respectfully responds to Defendant Kenyatta Momon's Motion for Sanctions pursuant to Rules 37(d) and 41(b) and the Court's Show Cause Order.

### INTRODUCTION

Undersigned counsel was retained on December 10, 2025, well after the events giving rise to the pending sanctions motion. Plaintiff had been proceeding *pro se* since October 24, 2025, following the withdrawal of her former counsel. Within two days of retention, undersigned counsel obtained prior counsel's file, worked with Plaintiff, and served full interrogatory answers and document responses on December 12, 2025. This case should therefore be evaluated as one where prior deficiencies have been cured, or can be further cured, upon the involvement of counsel and where Plaintiff now stands ready to move forward in good faith.

### BACKGROUND

This wrongful death action arises from the fatal shooting of Brandon Lemagne by Defendant Kenyatta Momon, a Fairfax County police officer. Plaintiff Nechelle Lemagne is the

administrator of Brandon Lemagne's estate and brings this action on behalf of his statutory beneficiaries.

## I. Plaintiff's representation and *pro se* period

Plaintiff was initially represented by counsel in this matter. On October 24, 2025, Plaintiff's former counsel, Victor Glasberg, moved to withdraw, and the Court granted that motion. From October 24, 2025 until December 10, 2025, Plaintiff proceeded without counsel.

During that period, Plaintiff was attempting to navigate federal litigation (including discovery obligations, deposition notices, and court hearings) on her own. Plaintiff is not a lawyer. In September 2025, Plaintiff relocated from Newport News, Virginia to Concord, North Carolina, approximately six hours from Alexandria, Virginia. She works as a nurse in a group home and is the mother of six children. Plaintiff's relocation, job, and managing her children have made it exceedingly difficult for her to handle this case without the benefit of counsel.

### A. Defendant's written discovery to Plaintiff

On September 24, 2025, while Plaintiff was still represented by counsel, Defendant served interrogatories and requests for production. Plaintiff became *pro se* on October 24, 2025 when Mr. Glasberg was permitted to withdraw. [ECF 25]. That was the same day her discovery responses were due. After Plaintiff became *pro se*, she struggled to understand and comply with her discovery obligations. At that point, she did not fully respond to Defendant's written discovery.

### B. November 12, 2025 deposition

Defendant noticed Plaintiff's deposition for November 12, 2025. Plaintiff did not appear for that deposition. Plaintiff's failure to appear was not a willful refusal to participate in discovery, but rather the product of confusion during her *pro se* period.

2

### C. November 21, 2025 hearing on first Motion for Sanctions

Defendant filed an initial motion for sanctions, which was set for hearing on November 21, 2025. Plaintiff did not appear in court for that hearing. Plaintiff, however, did not simply ignore the hearing. Rather, due to her lack of counsel, confusion about the process, and misunderstanding of what was required, Plaintiff mistakenly believed she was supposed to appear at the Fairfax County Attorney's Office, not at the courthouse.

On November 21, 2025, Plaintiff drove approximately six hours from North Carolina to Fairfax County and appeared at the County Attorney's office. Plaintiff's belief and actions are corroborated by contemporaneous email communications between Plaintiff and defense counsel on November 21, 2025. *See Exhibit 1.* Plaintiff would not have undertaken that travel had she intended to disregard the Court's authority.

### D. December 2, 2025 Deposition

After the November 21 hearing, Defendant re-noticed Plaintiff's deposition for December 2, 2025. Plaintiff appeared in person for that deposition, again traveling approximately six hours. Plaintiff's father advised her not to answer questions at a deposition without a lawyer present. Although Plaintiff nevertheless appeared for the deposition, once it became clear the deposition would be adversarial and she was unrepresented, Plaintiff felt uncomfortable proceeding and left the deposition early.

It should be noted that prior to the deposition, Plaintiff requested her deposition be conducted remotely due to the distance involved, her work obligations, and her family responsibilities. Defense counsel declined that request. *See Exhibit 2.* Plaintiff did not know that she needed to seek court approval to compel a remote deposition under Federal Rule of Civil

Procedure 30(b)(4) and Local Civil Rule 30(A).[1] Plaintiff was clearly trying the best she could under her circumstances.

### E.   Retention of Undersigned Counsel and Cure of Discovery

On December 10, 2025, Plaintiff retained undersigned counsel. Between December 11 and December 12, undersigned counsel obtained files from Plaintiff's former attorney and worked with Plaintiff to address outstanding discovery.

On December 12, 2025, Plaintiff served fully executed interrogatory answers and document responses on Defendant's attorney via email. Those responses identify all known statutory beneficiaries—nine siblings and Brandon Lemagne's father, Nelson Lemagne—and set forth the basis for claimed damages.

This is a solace-based wrongful death case. Other than $4,782.00 in funeral and cremation expenses incurred by Brandon Lemagne's father, Plaintiff's damages are based on loss of solace, including the loss of Brandon's love, society, companionship, comfort, guidance, and presence in the lives of his beneficiaries. Should Defendant feel it necessary to further discover the solace-based damages, Plaintiff remains willing to sit for a deposition, including by remote means.

### LAW AND ARGUMENT

### I.   Dismissal is an extreme sanction that is not warranted on this record.

"The legal standard for dismissals under Rule 37 is virtually the same as that for dismissals

---

[1] Federal Rule of Civil Procedure 30(b)(4) expressly permits depositions to be taken by remote means. Local Civil Rule 30(A) provides that depositions are "ordinarily" taken in person within the Alexandria Division, but allows for departure from that practice upon a showing of "special circumstances." Proceeding without counsel at the time, Plaintiff did not understand that she was required to seek court approval to conduct her deposition remotely after defense counsel declined her request. With the benefit of counsel, Plaintiff could have sought such relief, and given Plaintiff's residence approximately six hours from Alexandria, her employment obligations, and her responsibilities as the mother of six children, there is a reasonable likelihood that a remote deposition would have been permitted.

for failure to prosecute under Rule 41." *Carter v. Univ. of W. Virginia Sys., Bd. of Trs.,* 23 F.3d 400 (4th Cir. 1994). Dismissal with prejudice is "a harsh sanction which should not be invoked lightly in view of the sound public policy of deciding cases on their merits." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)). Indeed, "the basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals as necessary as they may be on occasion." *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373 (1966). Although a district court has authority to dismiss an action under Rules 37 and 41, dismissal is appropriate only where the record demonstrates (1) bad faith, (2) meaningful prejudice, (3) need for deterrence, and (4) the effectiveness of lesser sanctions. *See e.g., Belk v. Charlotte-Mecklenburg Board of Education*, 269 F.3d 305, 348 (4th Cir. 2001); *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).

**II.     Each factor weighs against dismissal.**

    **A.     Plaintiff did not act in bad faith.**

Nothing in the record supports a finding of bad faith. Plaintiff's missed deposition, failure to appear at the November 21 hearing, and early termination of the December 2 deposition all occurred while she was unrepresented, confused about federal procedure, and attempting, albeit imperfectly, to comply.

Most notably, Plaintiff drove approximately six hours to Fairfax County on November 21, 2025, believing in good faith that she was required to appear at the Fairfax County Attorney's Office rather than the courthouse. That conduct is fundamentally inconsistent with willful disregard of the Court's authority.

Similarly, Plaintiff appeared in person for the December 2 deposition and left only after becoming uncomfortable proceeding without counsel, having been advised by her father (who is

5

a beneficiary) not to testify unrepresented. These facts reflect confusion and apprehension, not bad faith or intentional obstruction.

### B. Defendant has not suffered meaningful prejudice.

Any prejudice to Defendant relates only to Defendant's ability to discover information concerning damages and can easily be remedied. This is a police-involved wrongful death case in which all liability evidence has always been in Defendant's custody and control. Specifically, the evidence concerning the shooting primarily consists of body-worn camera footage, surveillance video, investigative materials, and witness identities. All that information has been available to Defendant long before suit was event filed. Indeed, Plaintiff was not present at the shooting. The only eyewitnesses are officers and known bystanders, all known to Defendant. Defendant therefore has not been deprived of any liability evidence.

With respect to damages, this is a solace-based wrongful death case. Plaintiff has now identified all statutory beneficiaries, the nature of their claimed damages, and the limited funeral expenses at issue. Defendant now possesses the information necessary to defend the case, and no trial date has been set. Where discovery deficiencies are cured and no trial prejudice exists, dismissal is not warranted.

### C. The need for deterrence is minimal.

This case does not present a pattern of defiance requiring deterrence. Plaintiff's conduct occurred during a brief period following counsel's withdrawal, before she understood her obligations or obtained new counsel. Since undersigned counsel entered the case, Plaintiff has fully complied with written discovery and expressed a clear intent to prosecute her claims. Deterrence is not served by dismissal where compliance has already been achieved and future noncompliance is unlikely.

### D. Lesser sanctions, if any, would be effective.

Even if the Court were to conclude that some sanction is appropriate, dismissal is unnecessary. Courts routinely decline dismissal where lesser measures would cure any prejudice. *See Arnold v. Huntington Ingalls Inc.*, No. 2:22CV384, 2025 WL 2377664, at *13–14 (E.D. Va. May 30, 2025), report and recommendation adopted, 2025 WL 1879875 (E.D. Va. July 8, 2025) (declining dismissal with prejudice under Rules 37(b) and (d) despite multiple discovery violations—including failure to produce ESI, failure to comply with discovery orders, and lack of candor at an evidentiary hearing—where lesser sanctions would cure prejudice and allow merits-based resolution); *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) ("[O]nly the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules," warrants dismissal); *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978) (district courts must exercise restraint in dismissing cases and weigh the strong policy favoring decisions on the merits); *Power Home Solar, LLC v. Sigora Solar, LLC*, 339 F.R.D. 64, 73–74 (W.D. Va. 2021) (sanctions must be "no more severe than is necessary" to cure prejudice).

Here, Plaintiff has cured the written discovery deficiencies within two days of retaining the undersigned counsel. Further, Plaintiff remains willing to sit for a deposition, including remotely if appropriate. Any marginal prejudice could be addressed through scheduling relief since this matter has not yet been scheduled for trial. Dismissal would far exceed what is necessary to ensure fairness.

Each factor weighs against dismissal. Plaintiff's conduct during a brief *pro se* period is now fully remedied upon the retention of counsel and does not approach the level of willfulness, bad faith, or callous disregard required to justify dismissal under Rules 37 or 41. Defendant has

not suffered meaningful prejudice, discovery deficiencies have been cured, and Plaintiff stands ready to proceed expeditiously and in full compliance with the Federal Rules.

## CONCLUSION

Dismissal would not serve the interests of justice in this case. It would punish a wrongful death plaintiff for confusion during an unrepresented period, despite prompt corrective action and the absence of any lasting harm to Defendant. The Fourth Circuit's precedent makes clear that dismissal is reserved for the most extreme cases. This is not one of them. Accordingly, Plaintiff respectfully requests that the Court discharge the Show Cause Order, deny Defendant's Motion for Sanctions insofar as it seeks dismissal[2], and permit this case to proceed on its merits.

NECHELLE LEMAGNE, ADMINISTRATOR OF THE ESTATE OF THE LATE BRANDON LEMAGNE

By Counsel

/s/ M. Scott Fisher, Jr.
M. Scott Fisher, Jr. (VSB No. 78485)
FRIEDMAN FISHER VERITY, PLLC
125 S. 14th Street, Suite 120
Richmond, VA 23219
Phone: (804) 602-7388
Fax:    (804) 602-7768
Email: sfisher@ffvlaw.com

Jonathan P. Sheldon, VSB #66726
Sheldon & Flood, PLC
10621 Jones Street, Suite 301A
Fairfax, VA 22030
Office/Fax (703) 691-8410
JSheldon@SFHDefense.com
*Counsel for Plaintiff*

---

[2] Plaintiff further asks for lenience for the court reporter fees Defendant seeks. Plaintiff does not have the money requested and those fees could have been mitigated had a remote deposition occurred and had Plaintiff been able to retain counsel sooner who could have properly advised and prepared her.

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 15th day of December, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

               /s/ M. Scott Fisher, Jr.
               M. Scott Fisher, Jr. (VSB No. 78485)
               FRIEDMAN FISHER VERITY, PLLC
               125 S. 14th Street, Suite 120
               Richmond, VA 23219
               Phone: (804) 602-738
               Fax: (804) 602-7768
               Email: sfisher@ffvlaw.com
               *Counsel for Plaintiff*